UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

JOHN C. SHEKERJIAN,                                    Case No. 09-13934

    Debtor.                                          HONORABLE SEAN F. COX
_____/                  United States District Judge

SCOTT F. SMITH, SMITH & WOLFE,
PLLC,

    Plaintiff/Appellants,

v.

JOHN SHEKERJIAN,

    Defendant/Appellee.
_____/

OPINION AND ORDER

    Appellants Scott F. Smith ("Smith") and Smith & Wolfe, PLLC ("Smith & Wolfe") (collectively, "the Appellants") filed this Bankruptcy Appeal [Doc. No. 1] on October 6, 2009. The Appellants appeal the final ruling of Hon. Steven W. Rhodes in Bankruptcy Adversary Proceeding No. 07-55859, in which the Bankruptcy Court ordered the disgorgement of a $5,000.00 payment received by Smith & Wolfe for representing the debtor in a Chapter 11 proceeding. The parties have fully briefed the issues, and this Court declines to hear oral argument pursuant to FED.R.BANKR.P. 8012. For the reasons that follow, the Court **AFFIRMS** the holding of the Bankruptcy Court.

BACKGROUND

1

The Bankruptcy Court's September 21, 2009 "Opinion Regarding Debtor's Motion for Disgorgement and Fee Application Filed by Debtor's Attorneys" [Doc. No. 1] adequately recounts the factual background of this appeal. Those facts, in their entirety, are as follows:

> On August 13, 2007, the debtor filed a petition for chapter 11 relief. The debtor retained Scott Smith, Jack Wolfe and Smith & Wolfe, PLLC as his legal counsel. On August 28, 2007, Smith & Wolfe, PLLC filed a Statement of Attorney Compensation pursuant to Rule 2016(b), which stated that Janet Shekerjian had paid them a retainer, on behalf of her husband, in the amount of $3,061.00, plus $1,039.00 for filing fees.
> More than a month after filing the case, on September 23, 2007, Smith & Wolfe filed an application for employment. The application stated that Smith & Wolfe had been paid $5,000.00 in fees incurred in connection with services rendered relating to the debtor's bankruptcy filing, plus $1,039.00 for the filing fee. On October 31, 2007, the Court entered an order authorizing Smith & Wolfe's employment.
> On April 15, 2008, the Court entered an order disqualifying Smith & Wolfe, retroactively effective November 1, 2007, due to a conflict of interest in violation of 11 U.S.C. § 327. The order also converted the case to Chapter 7.
> On April 25, 2007, Smith & Wolfe filed a motion for reconsideration of the order of disqualification because § 327 no longer applied upon conversion of the case to Chapter 7. On May 19, 2008, the Court granted the motion and authorized Smith & Wolfe to represent the debtor in the Chapter 7 proceeding after April 15, 2008.
> On August 7, 2008, Smith & Wolfe filed a motion to withdraw as the debtor's attorney. The motion was granted September 10, 2008.
> On April 2, 2009, the debtor filed a motion for disgorgement of fees because Smith & Wolfe never filed a fee application. On May 11, 2009, Smith & Wolfe filed a fee application, seeking fees in the amount of $7,878.75 for the period of August 13, 2007 through November 1, 2007 and April 18, 2008 through September 8, 2008. The application indicated that a $3,061.00 retainer was received and was being held in a client trust account.[1]
> On May 27, 2009, Smith & Wolfe filed an amended fee application. This application sought fees in the amount of $10,183.75 and indicated that the attorneys had received a flat fee of $5,000.00 for pre-petition services.
> The debtor objected to the fee application on the basis that it was untimely. The debtor also argued that the services of Smith & Wolfe did not

---

[1] Later in the Bankruptcy Court's opinion, this fact is disputed: "The record here establishes that instead, Mr. Wolfe used the $5,000.00 paid by the debtor's wife for a personal expense - a private school tuition bill, and misrepresented that it was held in the firm's client trust account." [Sept. 21, 2009 Opinion & Order, Doc. No. 1, p.3].

> benefit the estate.
> On June 15, 2009, nearly two years after the case was filed, Smith & Wolfe filed a new Rule 2016(b) statement indicating that it had received a $5,000.00 flat fee for pre-petition services.

[Sept. 21, 2009 Opinion & Order, Doc. No. 1, pp.1-2].

Faced with these circumstances, the Bankruptcy Court found that "[t]he inconsistencies in the attorneys' fee applications and the Rule 2016(b) statements are inexplicable and inexcusable." *Id*. at 2. Specifically, the Bankruptcy Court noted discrepancies in hourly fee entries between the May 11, 2009 and May 27, 2009 applications, and the repeated change in position by Smith and Wolfe regarding the nature and amount of funds they already received from the debtor. *Id*. at 2-3. The Bankruptcy Court then held that "Smith & Wolfe's change in position lacks credibility and appears to be a blatant attempt to avoid obtaining court approval for the payment of fees, as required under 11 U.S.C. § 330." *Id*. at 3. The Bankruptcy Court concluded as follows:

> The Court concludes that Smith & Wolfe has demonstrated a pattern of conduct relating to its fees that establishes a willful disregard of its fiduciary obligations to fully disclose the nature and circumstances of its fee arrangement under § 329 and Rule 2016. Accordingly, its fee application is denied and within 28 days, it shall disgorge to the debtor and the debtor's wife the $5,000.00 payment that it received.

*Id*. at 4 (internal citations and quotations omitted).

In their brief [Doc. No. 9], filed November 24, 2009, the Appellants raise five distinct arguments on appeal: 1) that the issues of disgorgement and the approval of a fee application are subject to a separate and distinct analysis; 2) that there was no failure to disclose or an attempt to conceal the appellants' fee arrangement; 3) that there is nothing improper about receiving a flat fee or an upfront fee; 4) that the Bankruptcy Court never made a determination that the fees were

3

excessive; and 5) that it is clear error for the Bankruptcy Court to disgorge fees from Mr. Smith under the circumstances of this case.

## STANDARD OF REVIEW

Federal courts must exercise their power to levy sanctions "with restraint and discretion." *In re Downs*, 103 F.3d 472, 478 (6th Cir. 1996). In reviewing a Bankruptcy Court's decision concerning the proper amount of attorney fees, this Court must not set aside its determination unless the Bankruptcy Court abused its discretion. *Id.*, see also *In re Kisseberth*, 273 F.3d 714, 720 (6 Cir. 2001). An abuse of discretion should only be found upon a "definite and firm conviction that the trial court committed a clear error of judgment." *Logan v. Dayton Hudson Corp.*, 865 F.2d 789, 790 (6th Cir. 1989).

## ANALYSIS

Though the Appellants raise five distinct issues in their brief [*See* Doc. No. 9, pp.2-3], only two of these issues are directly relevant on appeal: whether the Bankruptcy Courts's order disgorging $5,000.00 in attorney fees from the Appellants was an abuse of discretion, and whether the Bankruptcy Court committed clear error by subjecting Mr. Smith to the $5,000.00 fee disgorgement. As discussed below, this Court **AFFIRMS** the holdings of the Bankruptcy Court on both of these issues.

I. <u>The Bankruptcy Court Did Not Abuse its Discretion In Ordering $5,000.00 in Attorney     Fees Disgorged From the Appellants</u>.

The Appellants argue that the Bankruptcy Court's order disgorging $5,000.00 in attorney fees should be overturned on appeal. In support of that argument, the Appellants' brief states as follows, in pertinent part:

It is clear error for the bankruptcy court to apply a harsh sanction of total

4

> disgorgement based on the findings of fact in this matter which consist entirely of the documents filed by the Appellant in the Bankruptcy Court as recorded on the docket. The documents filed clearly show that the amount and fee arrangement were disclosed.

[Appellant's Br., Doc. No. 9, p.21].

The Court disagrees. "Bankruptcy courts, like Article III courts, enjoy inherent power to sanction parties for improper conduct." *In re Downs*, 103 F.3d at 477. "[A] failure of counsel to obey the mandate of § 329 and Rule 2016 concerning disclosure. . . is a basis for entry of an order denying compensation and requiring the return of sums already paid." *Id*. (citations and quotations omitted).

While federal courts "must exercise such power [to sanction parties] with restraint and discretion," *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991), the "harsh sanction of total disgorgement" [Appellant's Br., Doc. No. 9, p.21] has routinely been upheld by federal courts where "commensurate with the egregiousness of the conduct. In cases involving an attorney's failure to disclose his fee arrangement under § 329 or Rule 2016, however, *the courts have consistently denied all fees*." *In re Downs*, 103 F.3d at 478 (emphasis added).

On these facts, the Court is not left with "a definite and firm conviction" that the Bankruptcy Court "committed a clear error in judgment," *Logan*, 865 F.2d at 790, in finding that Smith & Wolfe "demonstrated a pattern of conduct relating to its fees that establishes a willful disregard of its fiduciary obligations to fully disclose the nature and circumstances of its fee arrangement. . . ." [Sept. 21, 2009 Opinion & Order, Doc. No. 1, p.4]. The Bankruptcy Court noted discrepancies in the Appellants' hourly fee entries between the May 11, 2009 and May 27, 2009 applications, and the repeated change in position by Smith & Wolfe regarding the nature and amount of funds already received from the debtor. Under *In re Downs*, 103 F.3d at 478, the

Bankruptcy Court was well within its discretion to deny all fees requested by the Appellants, and to disgorge the $5,000.00 payment already received. The Appellants' arguments to the contrary are without merit.

    II. <u>The Bankruptcy Court Did Not Err in Disgorging Fees from Scott F. Smith</u>.

The Appellants also argue that the Bankruptcy Court committed clear error in ordering that Mr. Smith was subject to the $5,000.00 fee disgorgement. The entirety of the Appellants' argument section from their brief states as follows:

> The Bankruptcy Judge's Opinion & Order. . . clearly states that the $5,000.00 paid by Debtor's spouse was used for the benefit of Jack B. Wolfe. It is unreasonable to subject Scott F. Smith to disgorgement when he received absolutely no benefit from the funds. Scott F. Smith personally paid the filing fee so he has actually lost $1,039.00 on this case.

[Appellant's Br., Doc. No. 9, p.24].

The Court disagrees. Presumably, the Appellants' argument centers around the Bankruptcy Court's finding that, instead of holding the $5,000.00 in the firm's client trust account, "Wolfe used the $5,000.00. . . for a personal expense - a private school tuition bill." [Sept. 21, 2009 Opinion & Order, Doc. No. 1, p.3]. That the $5,000.00 involved may have inured only to the benefit of Mr. Wolfe does not obviate Mr. Smith from liability, however. Regardless of whether Mr. Smith received *the benefit* derived from those funds, Mr. Smith remains liable for their return. The Appellants' arguments to the contrary are without merit.

    III. <u>The Remainder of Appellants' Issues Are Moot</u>.

The Appellants raise three other arguments in their appeal, all of which are **MOOT** given this Court's finding that the Bankruptcy Court did not abuse its discretion in denying attorney fees pursuant to *In re Downs* and in disgorging the $5,000.00 paid to Smith & Wolfe.

The Appellants argue that the Bankruptcy Court did not "address the reasonableness of fees under 11 U.S.C. § 330. . . ." [Appellant's Br., Doc. No. 9, p.18]. This argument is **MOOT**, as there is no requirement for the Bankruptcy Court to analyze the reasonableness of claimed attorney fees where the Bankruptcy Court exercises its authority - pursuant to *In re Downs* - to *deny fees altogether*. The Appellants' arguments to the contrary are without merit.

The Appellants also argue that, under Michigan law, "there is nothing improper about receiving a flat fee or even an up front fee that is earned upon receipt." [Appellant's Br., Doc. No. 9, p.21]. This argument is **MOOT**, as the Bankruptcy Court denied a fee award *altogether* to the Appellants, regardless of whether it was a flat fee or a retainer. The Appellants' arguments to the contrary are without merit.

Finally, the Appellants argue that "the Bankruptcy Court never made a determination under 11 U.S.C. [§] 329(b) that the fees were excessive[,] nor did it employ facts set forth in 11 U.S.C. [§] 330 to determine assessment of value." [Appellant's Br., Doc. No. 9, p.23]. This argument is **MOOT**. As with the Bankruptcy Court's alleged error in failing to address the *reasonableness* of fees under 11 U.S.C. § 330 discussed *supra*, there is no requirement for the Bankruptcy Court to analyze the excessiveness of claimed attorney fees, nor is there a requirement to employ the factors set forth in 11 U.S.C. § 330 where the Bankruptcy Court exercises its authority - pursuant to *In re Downs* - to *deny a fee altogether*. The Appellants' arguments to the contrary are without merit.

CONCLUSION

For the reasons explained above, the Court **AFFIRMS** the holding of the Bankruptcy Court.

7

**IT IS SO ORDERED**.

                                  S/Sean F. Cox
                                  Sean F. Cox
                                  United States District Judge

Dated: February 25, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 25, 2010, by electronic and/or ordinary mail.

                                  S/Jennifer Hernandez
                                  Case Manager